# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 1109011777
)
ANTHONY GORDON, )
)
Defendant. )

## ORDER

**AND NOW TO WIT,** this 8th day of September, 2016, upon consideration of Defendant's Amended Motion for Post-Conviction Relief;[1] the Affidavit of Trial Counsel;[2] the State's Response;[3] Defendant's Reply;[4] the Commissioner's Report and Recommendation that Defendant's Motion for Post-Conviction Relief be **DENIED**;[5] Defendant's Appeal from Commissioner's Findings of Fact and Recommendations;[6] and the record in this case, **IT APPEARS THAT:**

1. On January 23, 2013, Defendant was brought to trial on two counts of Rape Second and one count of Rape Fourth for acts that occurred when the victim was less than sixteen years old. At trial, the State introduced testimony from the victim, the investigating officers, and a forensic DNA analyst from the Office of

---

[1] D.I. 101.
[2] D.I. 103.
[3] D.I. 105.
[4] D.I. 107.
[5] D.I. 112.
[6] D.I. 113.

the Chief Medical Examiner ("OCME").[7] The DNA analyst testified that the DNA testing established a greater than 99.9998 percent probability that Defendant was the father of the victim's child.[8]

2. Defendant's trial counsel cross-examined the DNA analyst regarding the three regions of the child's DNA for which the DNA analyst could not determine a profile,[9] the DNA analyst's failure to secure a new DNA sample from the child in order to produce a complete DNA profile, and the possibility of evidence tampering.[10] During closing argument, trial counsel emphasized the DNA analyst's testimony that she could determine a percentage of consistency between the Defendant's DNA and the child's,[11] but could not say that Defendant "*is the father.*"[12]

3. After closing argument, the trial judge read the jury instructions. As the judge read the instructions, she noted a reference in the written instructions to the complaining witness as a "victim." The trial judge did not say the word "victim" to the jury. The complaining witness was referred to by name.[13] *Once the jury left*

---

[7] D.I. 52, 53.
[8] *Id.* 53 at 35:1637:6; 49:5–11.
[9] The DNA analyst examined sixteen regions of DNA for comparison between the victim, the victim's child, and Defendant. D.I. 53 at 23–48. For three out of sixteen regions, the analyst could not determine the child's profile, and therefore, the Defendant could not be excluded as the father based on those regions. *Id.* at 30:19–34:9.
[10] *Id.* at 38–47.
[11] *Id.* at 48:1–49:4.
[12] *Id.* at 41:7-47:14, 70:13–71:3 (emphasis added).
[13] *Id.* at 78–90.

2

*the courtroom to begin deliberation*, the judge noted the error in the written instructions to the State and the defense,[14] and the written error was corrected before copies of the written jury instructions were given to the jury.[15]

4. The jury found Defendant guilty of all counts, and Defendant was sentenced on April 12, 2013, to 21 years of unsuspended time at Level 5.[16] Defendant filed a direct appeal, and the Delaware Supreme Court affirmed the judgment of conviction.[17]

5. On November 21, 2014, Defendant filed a Motion for Postconviction Relief, and counsel was appointed to assist Defendant in the filing of his claims.[18] Before submitting an amended postconviction motion, Defendant filed a Motion to Compel, seeking to compel the victim and her child to undergo new DNA testing.[19] In support of this request, Defendant questioned the reliability of the DNA evidence produced at trial given the OCME's mishandling of drug evidence in other cases.[20] The Commissioner denied Defendant's Motion to Compel because

---

[14] *Id.* at 91:16–23.

[15] D.I. 32.

[16] D.I. 43.

[17] *Gordon v. State*, 82 A.3d 729 (Del. 2013) (TABLE).

[18] D.I. 87, 91.

[19] D.I. 97.

[20] *See, e.g., Aricidiacono v. State*, 125 A.3d 677 (Del. 2015) (discussing the mishandling of drug evidence at the OCME).

3

the mishandling of drug evidence by the OCME does not establish a basis to call into question the validity of the OCME's DNA testing unit.[21]

6. Defendant's Amended Motion asserts four grounds for relief based on ineffective assistance of trial counsel: (1) counsel was ineffective for failing to secure independent DNA testing; (2) counsel was ineffective for failing to investigate a "sexomnia" defense; (3) counsel was ineffective for failing to interview a potential witness; and (4) counsel was ineffective for failing to object to the judge calling the victim a "victim" during trial.

7. On November 30, 2015, the Commissioner issued his Report and Recommendation that Defendant's Amended Motion for Post-Conviction Relief be **DENIED**. Thereafter, Defendant filed the instant appeal, requesting review of both the denial of the Motion to Compel and of the Motion for Post-Conviction Relief.

**NOW THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation that the Defendant's Amended Motion for Post-Conviction Relief be **DENIED**, and having considered the Defendant's appeal thereof, **IT IS**

---

[21] D.I. 100; *see State v. Petty*, 2014 WL 2536987, at *1 (Del. Super. May 22, 2014) ("In the context of postconviction proceedings, the Court has the inherent discretionary authority under Rule 61 to grant particularized discovery. A Rule 61 petitioner must demonstrate good cause. Good cause is established 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [defendant is] entitled to relief.'" (first citing *Dawson v. State*, 673 A.2d 1186, 1197–98 (Del. 1996); then quoting *Bracy v. Gramley*, 520 U.S. 899, 908–909 (1997)).

**HEREBY ORDERED** that the Commissioner's Amended Report and Recommendation is **AFFIRMED,** and Defendant's Amended Motion for Post-Conviction Relief is **DENIED.** For the reasons stated in the Commissioner's June 30, 2015 Letter Order, the Commissioner's denial of Defendant's Motion to Compel is **AFFIRMED.**

    **IT IS SO ORDERED.**

Jan. R. Jurden, President Judge

Prothonotary—Original

cc:    Eric Zubrow, DAG
        Benjamin Schwartz, Esq.
        Ross Flockerzie, Esq.